NOT FOR PUBLICATION                                                                             (Docket No. 7)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____  :
                                     :
JOSEPH DESTIN,                       :
                                     :
                Plaintiff,           :         Civil No. 09-0611 (RBK/JS)
                                     :
        v.                           :         **OPINION**
                                     :
INTERNAL REVENUE SERVICE,             :
                                     :
                Defendant.           :
_____  :

**KUGLER**, United States District Judge:

Plaintiff Joseph Destin alleges that he has not received his federal income tax refund for the past five years. Presently before the Court is Defendant Internal Revenue Service's unopposed Motion for Summary Judgment (Docket No. 7). For the reasons set forth below, the Court substitutes the United States of America as party defendant and grants the Motion.

**I.      BACKGROUND**

The facts in this case are relatively few. Plaintiff filed a one page complaint on February 11, 2009, wherein he alleged, in toto, "I, Joseph Destin, plaintiff, do hereby testify that for the past five years I have filed my federal income taxes with Internal Revenue Service and have not received any refunds for filing or explanation as to why I may or may not be entitled to a full refund." Compl. at "Cause of Action."

Defendant responded with the present Motion for Summary Judgment and added the

following.  Theresa Corcoran, an Advisor employed by the IRS examined the transcripts of Plaintiff's account for tax years 2003, 2004, 2005, 2006, and 2007.  She determined that he was not entitled to any additional funds for years 2003 through 2007 because he had already been refunded or the funds were used to offset other debts he owed.  Ostensibly, Plaintiff had a tax deficiency for year 2000 that was assessed on July 30, 2007, resulting in no refund for 2007.

Defendant attached the declaration of Ms. Corcoran, declared and signed under penalty of perjury, as Exhibit 1.  Defendant also attached Plaintiff's official Internal Revenue Service records.

Defendant moved for summary judgment on June 10, 2009 and attached a certificate of service, signed by counsel for Defendant, attesting that notice of the Motion was sent via United States Mail to Plaintiff's address of record.  Plaintiff never responded to the Motion.

**II.    STANDARD**

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of

demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

### III. DISCUSSION

As a preliminary matter, Defendant argues that the Internal Revenue Service is not a proper defendant, and the United States of America should be substituted. Def. br. at 2. The Court agrees and the United States is substituted. See 26 U.S.C. § 7422(f) (a civil action for a refund "may be maintained only against the United States"); Johnson v. I.R.S. Appeals Office, No. L-06-350, 2007 WL 1722634, at *2 (D. Md. May 1, 2007) (substituting United States for IRS as party defendant in suit to recover refund); see also White v. I.R.S., 790 F. Supp. 1017, 1019 (D. Nev. 1990) (holding United States should be substituted for Internal Revenue Service since "agencies such as the IRS are not suable entities" (citing Blackmar v. Guerre, 342 U.S. 512, 514 (1952))).

As to the main issue, Defendant argues that since it has offered certified official records into evidence, the burden of persuasion is on Plaintiff to prove that the Commissioner's determination was erroneous. Def. br. at 2 (citing Psaty v. United States, 442 F.2d 1154 (3d Cir. 1976)). While this may be true, the Court need not reach that issue to decide the Motion.

Under Rule 56, the moving party bears the burden of demonstrating that no genuine issues of material fact exists for trial.  See Aman, 85 F.3d at 1080.  Defendant has met that burden by offering into evidence the sworn declaration of Theresa Corcoran attesting to her review of the certified records and attesting that Plaintiff is owed no further refund.  See Def. br., Ex. 1.  Defendant further met its burden by producing the official records from the Internal Revenue Service documenting Plaintiff's return records from 2003 to 2007.  See id., Exs. 2-7.  Plaintiff did not respond to the Motion, and thus did refute Defendant's evidence.

The Court is mindful that it must carefully review the unopposed record to see if Defendant is entitled to judgment as a matter of law, notwithstanding Plaintiff's silence  See Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).  Summary judgment can only be granted "if appropriate."  Fed. R. Civ. P. 56(e).  The Court finds that summary judgment is appropriately granted here.  Plaintiff's sole complaint is that he did not receive a refund for the past five years.  While he has not specified which five years he means, a reasonable interpretation is years 2003 through 2007.  On the basis of the records supplied and the declaration of Theresa Corcoran, Plaintiff received all funds due in the past five years.  See, e.g., Def. br., Ex. 1 at ¶ 4 ("In tax years 2003, 2004, 2005, and 2006, a portion of the taxpayer's refund was applied against a non-IRS debt via the Treasury offset program.  The balance of the taxpayer's refund was remitted directly to him.").  The Court can find no basis on which Plaintiff could assert a claim, and therefore Defendant is entitled to judgment as a matter of law.

IV.     CONCLUSION

For the foregoing reasons, the United States of America is SUBSTITUTED as the party defendant and the Motion for Summary Judgment is GRANTED.

Date: 1/6/2010                                                                      /s/ Robert B. Kugler
                                                                                                                          ROBERT B. KUGLER
                                                                                                                         United States District Judge